IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STOUT STREET FUNDING LLC : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 10-5634 |
| OTIS JOHNSON *a/k/a OTIS JOHNSON-* : | |
| *DAVENPORT*, ET AL. : | |

**SURRICK, J.**                                                                             **NOVEMBER  3 , 2014**

**MEMORANDUM**

Presently before the Court is Plaintiff's Second Motion for the Entry of Default Judgment against Defendants Otis Johnson (a/k/a Otis Johnson-Davenport); Mabstract, LLC; John D. Glenn, Jr. (a/k/a John Glenn and d/b/a International Small Business Network); Shannen Kurz; Michael Meehan; AMJ Hoagie House, LLC; and Mabstract Management, LLC (ECF No. 125).[1] For the following reasons, Plaintiff's Motion will be granted in part and denied in part. Default Judgments will be entered against the six Defaulting Defendants, and Plaintiff's request for pre-judgment interest and punitive damages will be granted. However, Plaintiff's request to declare the default judgments non-dischargeable in any future bankruptcy proceeding will be denied.

**I.      BACKGROUND**

The factual background of this case is set forth in our June 1, 2012 Memorandum, which denied Plaintiff's first motion for a default judgment against Otis Johnson, Mabstract, Mabstract Management, Glenn, Kurz, Michael Meehan, and AMJ Hoagie House. (June 1 Mem., ECF No.

---

[1] Plaintiff is no longer pursuing a default judgment against Shannen Kurz, as set forth more fully herein.

91.); *Stout St. Funding LLC v. Johnson*, 873 F. Supp. 2d 632 (E.D. Pa. 2012).[2]  Generally, the action arises from a fraudulent real estate transaction that caused Plaintiff to suffer a loss of $480.000.  (*See id*.)  Plaintiff alleges that a title agent, together with its principal, conspired together and with purported buyers and sellers of real estate located at 818 Waverly Road, Bryn Mawr, Pennsylvania, to misappropriate funds from Plaintiff.  The Complaint includes claims for intentional misrepresentation, conspiracy, conversion, unjust enrichment, breach of fiduciary duty, and breach of contract, among others.

In our June 1 Memorandum, we denied Plaintiff's first attempt to have a default judgment entered against Defendants Johnson, Mabstract, Mabstract Management, Glenn, Kurz, Michael Meehan, and AMJ Hoagie House.   We determined that, at that time, it was not appropriate to enter default judgment against some, but not all of the sixteen jointly-liable Defendants.  (June 1 Mem. 24.)  Specifically, we stated that:

> Plaintiff alleges that defaulting and non-defaulting defendants participated in the closing of the 818 Waverly Road real estate transaction.  Plaintiff further alleges that both defaulting and non-defaulting defendants committed fraud, misrepresentation, conversion and conspiracy against Plaintiff.  As a result, there is a danger of logically inconsistent determinations as to liability of the non-defaulting defendants on the one hand, and defaulting defendants on the other hand.  The liability of one of the defaulting defendants cannot be adjudicated without affecting the rights of other non-defaulting defendants.  Moreover, numerous counts of the Complaint request that judgment be entered against both defaulting defendants and non-defaulting defendants in the amount of $480,000 plus interest, costs and additional amounts for punitive damages.  Plaintiff appears to be asserting that these defaulting and non-defaulting defendants are jointly liable for Plaintiff's alleged damages.  Entering default judgment against some, but not all, of the jointly liable defendants is not appropriate at this time.

(*Id*.)

---

[2] Our June 1 Memorandum was docketed on June 4, 2012.  In addition to denying Plaintiff's first motion for default judgment, the Memorandum also granted in part and denied in part Defendant Title Resources Guaranty Company's motion to dismiss, and denied the petition of Defendants Johnson, Mabstract, and Mabstract Management to set aside the entries of default that had been entered against them.

Subsequent to our June 1 decision, Plaintiff engaged in settlement negotiations with many of the Defendants. (*See* ECF No. 124.) In July of 2014, Plaintiff advised the Court that it had settled its claims with seven Defendants: TRGC; Ebert Estrada; John D. and Darlene C. Weller; Bank of America; JP Morgan Chase Bank, N.A.; and Dorian Mitchell. (*Id*.) Plaintiff recovered an aggregate amount of $163,500 from these setting defendants.

On September 17, 2014, Plaintiff filed the instant Renewed Motion for Default Judgment. (Pl.'s Mot., ECF No. 125.) The Renewed Motion seeks default judgment against Defendants Johnson, Mabstract, Glenn, Kurz, Michael Meehen, AMJ Hoagie House, and Mabstract Management. In its Motion, Plaintiff states that its principal loss after receiving the settlement payments is $291,185.00.

On October 27, 2014, Counsel for Plaintiff advised the Court that it reached a settlement with Defendant Shannen Kurz. (*See* ECF No. 128.) Kurz paid Plaintiff $1,000 in exchange for dismissal Plaintiff's claims against her. (Oct. 27, 2014 Ltr. (on file with Court).) As a result of Kurz's dismissal from this action, Plaintiff's principal loss was reduced from $291,185 to $290,185. (*Id*.)

On October 28, 2014, Plaintiff filed a notice of dismissal of its claims against Defendants Hassan Shaheed, International Construction Specialists, Inc., and Karen Meehen. (*See* ECF No. 128.) As a result of these voluntary dismissals and the settlement arrangements with the settling Defendants, there are only six Defendants remaining in this case: Johnson, Mabstract, Glenn, Michael Meehen, AMJ Hoagie House, and Mabstract Management (collectively, the "Defaulting Defendants"). The instant Renewed Motion seeks a default judgment against these six Defaulting Defendants.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when a default has been entered by the Clerk of Court. Fed. R. Civ. P. 55(b)(2). Entry of default judgment is a matter within the sound discretion of the district court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). In determining whether to grant a default judgment, courts examine three factors: 1) prejudice to the plaintiff if default is denied; 2) whether the defendant appears to have a litigable defense; and 3) whether the defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "[T]he factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted).

## III. DISCUSSION

Plaintiff seeks default judgment in the amount of $290,185, plus interest, costs, and punitive damages against remaining Defendants Johnson, Mabstract, Glenn, Meehan, and Mabstract Management. Plaintiff seeks judgment in the amount of $24,000 plus interest and costs against Defendant AMJ Hoagie House.

### A. Default Judgment is Appropriate against the Defaulting Defendants

The entry of a default judgment against Defaulting Defendants is appropriate in this case. Defaulting Defendants were served with a copy of the Summons and Complaint and did not respond. The Clerk of Court entered default against Johnson and Glenn on December 6, 2010, and against Mabstract, Mabstract Management, Michael Meehan, and AMJ Hoagie House on December 28, 2010. *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club*, Inc., 175 F. App'x 519, 521 n.1 (3d Cir. 2006) (noting that an entry of default under Rule 55(a) must

precede an entry of default judgment under Rule 55(b)(2)).  In addition, Defaulting Defendants were also served with Plaintiff's Renewed Motion for Default on September 17, 2014.  (ECF Nos. 125, 126.)  None of Defaulting Defendants have responded to Plaintiff's Renewed Motion.

Plaintiff alleges that Johnson, Mabstract, Mabstract Management, Glenn, and Michael Meehan committed fraud and engaged in an unlawful conspiracy in connection with the 818 Waverly Road real estate transaction.  Plaintiff alleges that these Defendants acted in concert to misappropriate $480,000 from Plaintiff.  The allegations in the Complaint, accepted as true, support this conclusion.  Plaintiff alleges that Glenn, as a principal of ISBN, submitted a loan application to buy the 818 Waverly Road property.  Plaintiff alleges that ISBN is a fraudulent company, that Glenn provided Plaintiff with misleading information, and that they signed fraudulent loan and transaction documents.  Plaintiff alleges that Michael Meehan, the owner of the 818 Waverly Road property, participated in the sale, despite his knowledge that the transaction was fraudulent.  Plaintiff alleges that Johnson and Mabstract misappropriated escrow funds deposited by Plaintiff and used this money to pay off debts arising from previous transactions.  Plaintiff alleges that Mabstract Management is Johnson's alter ego.  Finally, Plaintiff alleges that AMJ Hoagie House unlawfully received $24,000 following closing.  These allegations support Plaintiff's argument that it is entitled to a default judgment.

Plaintiff will be prejudiced if default is denied.  Defaulting Defendants have not asserted any substantive defense in this matter and no obvious defense exists from the face of the Complaint.  *See Duehr ex rel. Steelworkers Pension Trust v. Marriot Hotel Mgmt. Co. VI Inc.*, No. 10-4342, 2011 U.S. Dist. LEXIS 15020, at *3-4 (E.D. Pa. Feb. 14, 2011) (finding that where defendant submits no responsive pleadings, court may conclude that it has no litigable defense).  Defaulting Defendants all received a copy of the Summons and Complaint and elected to ignore

this litigation. This is culpable conduct that warrants a default judgment. Accordingly, default judgment will be entered in favor of Plaintiff and against Defendants Otis Johnson, Mabstract, Mabstract Management, John Glenn, Michael Meehan, and AMJ Hoagie House.

### B. Calculation of Damages

Plaintiff submits the affidavit of Tom Plisko in support of its claim for compensatory and punitive damages. (Plsiko Aff., Pl.'s Mot. Default J. Ex. 5.) Plisko is the Chief Financial Officer of Braddock Financial Corp., the LLC manager of Plaintiff. (*Id*. ¶ 1.) Plisko advises that Plaintiff's out-of pocket loss in connection with the 818 Waverly Road transaction is $481,285, which represents the loan principal of $480,000 plus expenses in the amount of $1,285. (Plisko Aff. ¶¶ 3-4.) Mabstract forwarded to Plaintiff two payments totaling $26,600, pursuant to the loan documents. (*Id*.) The receipt of these payments reduced Plaintiff's out of pocket loss to $454,685. (*Id*. ¶ 9.) Plaintiff received $163,500 in settlement proceeds from Title Resources Guaranty Company, Ebert Estrada, John D. and Darlene C. Weller, Bank of America/Countrywide Mortgage and Dorian Mitchell. (*Id*. ¶ 10.) Plaintiff also received $1,000 in settlement proceeds from Shannen Kurz. (Oct. 27, 2014 Ltr.) Receipt of the settlement proceeds reduced Plaintiff's out of pocket loss to $290,185. (*Id*.) Judgment will be entered against Defendants Otis Johnson, Mabstract, Mabstract Management, John Glenn, and Michael Meehan jointly and severally in the amount of $290,185.

Plaintiff also seeks to recover $24,000 from AMJ Hoagie House under its fraudulent transfer and unjust enrichment claims. Plaintiff submits a copy of the wire transfer demonstrating that $24,000 of Plaintiff's escrow funds were transferred to AMJ Hoagie House. (Compl. Ex. 17.) Judgment will be entered against Defendant AMJ Hoagie House in the amount of $24,000.

Plaintiff also requests that the default judgment include amounts representing pre-judgment interest.[3] Generally, Pennsylvania law recognizes a right to pre-judgment interest only with respect to breach of contract claims. *Am. Enka Co. v. Wicaco Mach. Co.*, 686 F.2d 1050, 1056 (3d Cir. 1982). All of the claims asserted against Defaulting Defendants—fraudulent misrepresentation, conversion, unjust enrichment, and conspiracy—sound in tort, not contract. Despite the general prohibition of pre-judgment interest in tort actions, in some circumstances, an award of pre-judgment interest is permitted when "considerations of justice and fair dealing" demand it. *Robert Wooler Co. v. Fid. Bank*, 479 A.2d 1027, 1035 (Pa. Super. Ct. 1984).[4] This is particularly true in cases where the damages are liquidated sums or are able to be calculated with definite standards. *Nutrition Mgmt. Servs. Co. v. Harborside Healthcare Corp.*, No. 01-902, 2005 U.S. Dist. LEXIS 9407, at *23 (E.D. Pa. May 15, 2005) ("Pennsylvania common law allows for recovery of delay damages in tort claims where the damages are liquidated sums that 'can be measured by market value or other definite standards.'" (quoting *Am. Enka Co.*, 686 F.2d at 1056)). An award of pre-judgment interest is appropriate in this case. Plaintiff's total loss is an amount that is easily ascertained with definite calculation. (*See* Plisko Aff.) Defaulting Defendants appear to have no defense to the claims asserted against them. By failing to litigate the matter, they have delayed any recovery by Plaintiff, including the interest on that recovery.

---

[3] Plaintiff requests pre-judgment interest from each of Defaulting Defendants (except AMJ Hoagie House) in the amount of $111,707.90, which represents the legal rate of six percent, or $47.87 per day from July 10, 2010 (the day after Mabstract disbursed partial payments) through September 15, 2014. (Plisko Aff. ¶¶ 12-13.) Plaintiff also requests pre-judgment interest on its claim against AMJ Hoagie House in the amount of $5,969. (*Id.* ¶ 14.)

[4] For tort-based claims, this pre-judgment interest is sometimes referred to as delay damages. "Delay damages merely compensate a plaintiff for the money that he would have earned on his award if he had promptly received it . . . [and] prevent a defendant from being unjustly enriched by keeping the interest that could be earned during the litigation process on what is essentially the plaintiff's money." *Costa v. Lauderdale Beach Hotel*, 626 A.2d 566, 569 & n.6 (Pa. 1993).

We will enter judgment against Defaulting Defendants, together with interest at a rate of six percent. *See* 41 P.S. § 202 (noting that the legal rate of interest in Pennsylvania is six percent per annum).[5]

In addition to pre-judgment interest, Plaintiff also requests punitive damages in the amount of $805,785.80 against each of Johnson, Mabstract, Mabstract Management, Glenn and Michael Meehen. Plaintiff contends that Defaulting Defendants' actions were outrageous, malicious, reckless, and motivated by evil intent.

Generally, Pennsylvania law permits an award of punitive damages when conduct is shown to be "outrageous because of the defendant's evil motives or his reckless indifference to the rights of others.'" *Rizzo v. Haines*, 555 A.2d 58, 69 (Pa. 1989) (quoting Restatement (Second) of Torts § 908(2) (1977)). "By their very definition, punitive damages are intended to punish a defendant; they are not intended to compensate the plaintiff. Punitive damages serve a broader function; they are aimed at deterrence and retribution." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 718 n.37 (3d Cir. 2010) (internal quotation marks omitted). A plaintiff must show "acts of malice, vindictiveness and a wholly wanton disregard of the rights of others." *Smith v. Regent*, 564 A.2d 188, 193 (Pa. Super. Ct. 1989). "In awarding punitive damages, the court must consider: (1) the character of the act, (2) the nature and extent of the harm, and (3) the wealth of the defendant." *Myers v. Moore*, No. 12-597, 2014 U.S. Dist. LEXIS 17626, at *19 (E.D. Pa. Feb. 12, 2014) (citing *Tunis Bros. Co. v. Ford Motor Co.*, 952 F.2d 715, 740 (3d Cir. 1991))

---

[5] Plaintiff's calculation of pre-judgment interest in the Plisko Affidavit is incorrect because it calculates the interest on an amount that does not take into consideration recent settlement amounts received from Defendants. We will permit Plaintiff 30 days to submit a new affidavit that clearly lays out the calculations for pre-judgment interest on the net amount of its loss, less any settlement monies it has received.

8

Upon review of the record in this case, including the Complaint and the instant Motion, it would appear that an award of punitive damages is appropriate against Defendants Johnson, Mabstract, Mabstract Management, Glenn and Michael Meehan.  Plaintiff asserts that Johnson, on behalf of Mabstract, acted as an agent of TRGC, the title company, despite an injunction entered preventing him from doing so, and in the process, fraudulently caused Plaintiff to deposit escrow funds in the amount of $480,000.  Johnson then stole these funds at the real estate closing.  Johnson was charged criminally for his actions in this transaction.  Plaintiff asserts that Glenn created the entity ISBN and held it out to be a legitimate Delaware limited liability company, even though ISBN's corporate documents were fraudulently created.  Glenn presented Plaintiff with a loan application for the 818 Waverly Road real estate transaction, and falsely represented that the transaction was legitimate and bona fide.  The loan documents that Glenn and ISBN submitted to Plaintiff were false and used to defraud Plaintiff.  Plaintiff asserts that Michael Meehan was the owner of 181 Waverly Road, and was a full participant in the fraud against Plaintiff.  Specifically, Meehan participated in the closing of 818 Waverly Road, signed the fraudulent HUD-1 statement, and likely profited from the transaction.  Meehan also engaged in a subsequent sale of 818 Waverly Road, which further demonstrates his willful and malicious conduct.

Plaintiff requests that punitive damages be entered against each of these Defaulting Defendants in amount equal to twice the amount of compensatory damages sought against them.  We will defer ruling on a punitive damages claim until after a hearing is held on the issue.

Finally, Plaintiff anticipates that some of Defaulting Defendants will file for bankruptcy

protection to avoid liability for these default judgments.[6]  Plaintiff requests that we prevent Defendants from discharging their liability in this action.  Specifically, Plaintiff argues that we should include language in our accompanying order that prohibits Glenn from discharging his liability pursuant to 11 U.S.C. § 523(a)(2), and that prohibits Johnson from discharging his liability pursuant to 11 U.S.C. § 523(a)(4).[7]  The facts alleged support a conclusion that the judgment against Glenn would represent a debt obtained by "false pretenses, a false representation, or actual fraud."  11 U.S.C. § 523(a)(2).  The facts also support the conclusion that the judgment against Johnson would represent a debt "for fraud or defalcation while acting in a fiduciary capacity."  *Id*. § 523(a)(4).  However, Plaintiff has offered no authority, and we are aware of none, that permits a district court to prospectively rule on a matter that may or may not one day be within the jurisdiction of a bankruptcy court.  Plaintiff's request will be denied.

---

[6] In fact, Glenn did file for bankruptcy on August 17, 2011.  Glenn's bankruptcy case was dismissed on September 20, 2011.

[7] Section 523(a) of the Bankruptcy Code provides that a debtor may not discharge a debt in bankruptcy if that debt is "(2) for money, property, services, or an extension renewal or refinancing of credit, to the extent obtained by (A) false pretenses, a false representation, or actual fraud . . ." or if the debt was "(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."  11 U.S.C. § 523(a)(2), (4).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Second Motion for the Entry of Default Judgment Against Defendant's Otis Johnson (a/k/a Otis Johnson-Davenport); Mabstract, LLC; John D. Glenn, Jr. (a/k/a John Glenn and d/b/a International Small Business Network); Shannen Kurz; Michael Meehan; AMJ Hoagie House, LLC; and Mabstract Management, LLC will be granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**